# Exhibit 1

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back   Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 16-08-09372

| Ryanne McNeese VS. Lone Star College System | § § § § § | Case Type: | **Employment >$200,000** |
|---|---|---|---|
| | | Date Filed: | **08/15/2016** |
| | | Location: | **284th Judicial District Court** |

---

### PARTY INFORMATION

| | | | **Attorneys** |
|---|---|---|---|
| **Defendant** | Lone Star College System | | **Stephen Quezada** |
| | Houston, TX 77002 | | *Retained* |
| | | | 713-655-0855(W) |
| | | | |
| **Plaintiff** | McNeese, Ryanne | | **Peter Costea** |
| | | | *Retained* |
| | | | 713-337-4304(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 08/15/2016 | **Original Petition (OCA)** |
| 08/15/2016 | **E-Filed Original Petition Document** |
| 08/16/2016 | **Civil Case Information Sheet** |
| 08/17/2016 | **Jury Trial Requested** |
| 08/17/2016 | **Jury Fee Paid** |
| 09/08/2016 | **Answer** |

---

### FINANCIAL INFORMATION

| | | |
|---|---|---|
| **Plaintiff** McNeese, Ryanne | | |
| Total Financial Assessment | | 327.00 |
| Total Payments and Credits | | 327.00 |
| **Balance Due as of 09/16/2016** | | **0.00** |
| | | |
| 08/16/2016 Transaction Assessment | | 327.00 |
| 08/16/2016 E-File Electronic Payment   Receipt # 2016-99926 | McNeese, Ryanne | (327.00) |

Received and E-Filed for Record
8/15/2016 12:00:00 AM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

Cause Nr.: 16-08-09372
_____

| | | |
|---|---|---|
| RYANNE MCNEESE | S | IN THE DISTRICT COURT |
| Plaintiff | S | Montgomery County - 284th Judicial District Court |
| | S | |
| v. | S | MONTGOMERY COUNTY, TEXAS |
| | S | |
| LONE STAR COLLEGE SYSTEM | S | |
| Defendant | S | _____TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE STATE DISTRICT JUDGE:

COMES NOW, RYANNE MCNEESE, Plaintiff, and complains of THE LONES STAR COLLEGE SYSTEM, as follows:

### I.

Plaintiff Ryanne McNeese is an individual residing in Harris County, Texas.

Defendant Lone Star College System is a Texas educational establishment which may be served with process through its counsel Mr. Stephen J. Quezada, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., at One Allen Center, 500 Dallas Street, Suite 3000, Houston, Texas 77002.

### II.

### VENUE

Venue of this action is proper in Montgomery County, Texas because the parties to this lawsuit reside or transact business in Montgomery County, Texas, the actions and events which gave rise to the causes of action alleged herein took place in Montgomery County, Texas, and the causes of action which are the subject of this suit accrued in Montgomery County, Texas.

### III.

### NATURE OF THE LAWSUIT

This is a sex discrimination and retaliation in employment lawsuit which is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC Section 2000e et seq.

Defendant Lone Star College System is an "employer" under 42 USC Section 2000e(b).

Page 2

IV.

FACTS

Plaintiff is a White female. Defendant is a Texas-wide, public institution of higher learning. It employed the Plaintiff since 2011 as a math professor in its Math Department at its campus in Montgomery County, Texas. Plaintiff is still employed by the Defendant.

For years, Defendant's Montgomery County, Texas campus has been known for its discriminatory practices, violations of faculty rights, including free speech, as well as allegations of fraud and fiscal improprieties. It has also been known for fostering an atmosphere of fear and reprisals against faculty members on the campus. News and media commentaries on these subjects have abounded. Plaintiff's story and the violations of her civil rights are a part of this ongoing saga.

At all times relevant to this lawsuit the Chair of the Math Department of the Defendant was Alison Carter. Plaintiff reported to the Dean, but also to Carter, on certain projects. In the fall of 2011 a number of incidents began to occur which, over time, escalated, causing the Plaintiff to eventually file an internal, formal grievance and complaint of discrimination. Carter confided in the Plaintiff that she was sexually interested in one of the students enrolled in one of her classes. She showed the Plaintiff pictures of him and Plaintiff became concerned that Carter might actually entertain sexual relations with the student. Carter told the Plaintiff the student had sent her a text message and a photo of his penis.

Initially, Plaintiff did not believe Carter, but on December 17, 2011 Carter showed the Plaintiff and another person the photo of the student's penis on her cell phone. Plaintiff also saw the young man's face and recognized him as being one of the students then enrolled at the

Page 3

College. Plaintiff suggested to Carter it was inappropriate to carry on a dialogue with the student and suggested Carter stop responding to the student's text messages. However, the dialogue and communications between Carter and the student did not cease. Carter continued to confide in the Plaintiff details about her communications with the student. On January 12, 2012 she told the Plaintiff the student had spent the night with her and that the two of them had sex. Eventually, Plaintiff became tired of listening to details about their relationship and asked Carter to abandon the subject and that she did not want to hear anything about it anymore. Subsequently, Carter sent out an email to all faculty members making fun of a student. Plaintiff thought this, too, was improper.

On April 23, 2012 Plaintiff filed a grievance with Defendant's HR Department. Jill Anderson, HR employee, was to handle Plaintiff's grievance. In the grievance she complained of Carter fostering a hostile work environment and requested that she be terminated or transferred to another location.

The last week of April 2012 Plaintiff told Deborah Ellington, Interim Dean, that she had filed a grievance against Carter. Ellington became upset because Plaintiff filed the grievance and told her she should have gone with the complaint to her instead. Ellington then retaliated. On June 14, 2012 she emailed a defamatory communication about the Plaintiff to a number of recipients, including the upper echelons of the academic structure at the College. In it she falsely accused the Plaintiff of having attempted to exclude veterans from certain classes, adding, sarcastically, "we do not exclude any population." This accusation was particularly humiliating because in April 2012 Plaintiff had complained about discrimination against herself and now, on

Page 4

June 14, 2012, she was accusing the Plaintiff, in a public statement, of discriminating against veterans.

The retaliation continued in August 2012 when Ellington gave the Plaintiff her annual evaluation. In it she chastised the Plaintiff for having lodged her grievance with HR instead of with her. The email stated, specifically, "My other concern is when Ryanne took a personal complaint to the system office rather than going through the normal channels of the dean or vice president or president. The situation should have been handled through the college. There was no opportunity to follow procedure and the reporting structure in place at LSC-M. This created an unproductive working environment in the Development Math department. Next year Ryanne needs to bring any issues she has through the appropriate channels and not involve others. Ryanne needs to be aware that a lack of collegiality will not be tolerated. In addition, if Ryanne has concerns, she needs to bring them to me directly." This comment was uncalled-for. It was threatening and stifled Plaintiff's right to complain of discrimination directly to Human Resources.

Earlier in the summer, Dr. Ann Kirch, Vice President of Instruction, also told the Plaintiff she needed to be more sensitive toward Carter adding, "how would you feel is someone filed a grievance against you." Plaintiff viewed this comment as retaliatory. It was made in late June 2012 in a meeting with Ellington, Dr. Kirch, and other College officials in which she advised them that she had filed her grievance against Carter.

The retaliation, however, continued. Unlike the Fall 2011 and Spring 2012 semesters, in summer 2012 and Fall 2012 Plaintiff was not assigned any overload courses. The overload courses enhanced Plaintiff's earnings by between $2,000.00 and $2,500.00. Upon inquiry for the

Page 5

rationale for the denial, Ellington told the Plaintiff she had "too much on her plate," and she did not feel Plaintiff was fulfilling her duties outside of her normal teaching load.

On August 24, 2012 Jill Anderson gave the Plaintiff a blank complaint of discrimination to fill out to allow her to commence an internal discrimination investigation. Plaintiff became concerned about the internal investigation as she had already been retaliated against by Ellington. The internal investigation was expected to involve Ellington and the retaliation to escalate.

Fearing more retaliation, on September 10, 2012 Plaintiff filed a charge of sex discrimination and retaliation against the Defendant with the Equal Employment Opportunity Commission.  But the retaliation continued. On October 10, 2012 Plaintiff emailed Dean Ellington a request to be assigned an overload course for the Spring 2013 semester. Plaintiff advised her that she already had the materials ready for that course and that, consequently, teaching the overload course would not prevent the Plaintiff from properly and efficaciously teaching her regular Spring courses. On October 11, 2012 Ellington denied the Plaintiff the overload course. Teaching an overload course would typically augment Plaintiff's income by between $2,000 to $2,500.00 a semester.

On October 22, 2012 Plaintiff amended her EEOC charge of discrimination and included the denial of overload courses as another form of retaliation. Plaintiff participated in the investigation of the charge as well as of the charges of discrimination filed by other employees of the Defendant against the Defendant.

The EEOC investigated Plaintiff's claims and, after an extensive investigation of Plaintiff's charge of discrimination, as well as others, including limited litigation, it determined that Defendant had retaliated against the Plaintiff. It issued a Determination on August 26, 2015

Page 6

finding that Defendant had retaliated against the Plaintiff. It also determined, with grave concern, that "Lone Star's former general counsel manipulated and undermined the grievance procedure as a means to encourage grievant such as Ms. McNeese to resign."

Subsequent conciliation efforts failed and on June 6, 2016 the Civil Rights Division of the United States Department of Justice issued the Plaintiff a right to sue thereby allowing her to sue Defendant in court. Plaintiff filed this action within ninety (90) days of her receipt of the right to sue.

V.

## PLAINTIFF'S TITLE VII CAUSE OF ACTION FOR UNLAWFUL RETALIATION

Plaintiff realleges all factual allegations set forth above and would show that Defendant is liable to her for retaliation under Title VII of the Civil Rights Act of 1964, as amended.

Because Plaintiff opposed discrimination, including filing formal charges of discrimination against the Defendant internally and with the Equal Employment Opportunity Commission, Plaintiff engaged in protected actions. Therefore, she was, at all times relevant to this lawsuit, a member of a protected group who enjoyed the special protection of the law. But for her complaints and participation in protected Title VII activities, Defendant would not have retaliated against the Plaintiff, including, but not limited to, denying her course overloads, benefits, such as tuition assistance, denial of the opportunity to teach college level math, and similar adverse employment actions with adverse financial implications for the Plaintiff. The Plaintiff was further subjected to a retaliatory hostile work environment following her complaints of discrimination.

Page 7

Plaintiff's protected actions constituted a motivating factor for the adverse actions which Defendant took against the Plaintiff.

As a result of the unlawful retaliation, Plaintiff suffered extensive monetary and mental damages.

Plaintiff satisfied all procedural and jurisdictional prerequisites for bringing this cause of action.

VI.

REQUEST FOR JURY

Plaintiff hereby demands a trial by jury and tenders the jury fee.

VII.

CONDITIONS PRECEDENT

Pursuant to Rule 54 of the Texas Rules of Civil Procedure all conditions precedent to Plaintiff's right to recover damages against the Defendant have occurred or have been performed.

VIII.

DAMAGES

Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the Defendant's discriminatory and retaliatory practices unless and until this court grants relief.

Defendant's actions against the Plaintiff were perpetrated with malice or reckless disregard for her protected rights. As such, Plaintiff respectfully moves the court for an award of punitive damages.

IX.

ATTORNEY'S FEES

Page 8

Defendant's refusal to abide by its obligations has made it necessary for Plaintiff to employ the undersigned attorney to file this lawsuit. As such, Plaintiff requests this court to award a reasonable fee for the attorney's services rendered and to be rendered herein under both customary and statutory law.

X.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Ryanne McNeese prays that Defendant Lone Star College System be cited to appear and answer, and that on final trial Plaintiff be granted relief as follows:

1.    Judgment declaring that the acts and practices described herein violate Title VII of the Civil Rights Act of 1964, as amended, 42 USC Section 2000e et seq.;

2.    Judgment enjoining and permanently restraining these violations;

3.    Judgment directing the Defendant to pay Plaintiff actual, compensatory, exemplary, and liquidated damages on all counts, whether statutory or common law;

4.    Equitable relief;

5.    Costs of suit and reasonable attorney's fees;

6.    Prejudgment and postjudgment interest as provided by law;

7.    Such other and further relief, in law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

BY:    //ss// *peter costea*

Peter Costea
TBN 04855900
Three Riverway, Suite 1800
Houston, Texas 77056
Tel. 713-337-4304
Fax 713-659-5302
ATTORNEY FOR PLAINTIFF

Page 9

RYANNE MCNEESE

Received and E-Filed for Record
9/8/2016 5:48:10 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

Cause No.: 16-08-09372

| | | |
|---|---|---|
| RYANNE MCNEESE, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| LONE STAR COLLEGE SYSTEM | § | |
| OF TEXAS, | § | |
| | § | |
| Defendant. | § | 284th JUDICIAL DISTRICT COURT |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant Lone Star College System ("Lone Star") files this Answer to Plaintiff Ryanne McNeese's "Original Petition," and respectfully shows the Court as follows:

### I.   GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Lone Star generally denies each and every allegation and count contained in Plaintiff's Original Petition and demands strict proof of the same by a preponderance of the evidence as required by the Constitution, the laws of the State of Texas, and the Rules of Texas Civil Procedure.

### II.   AFFIRMATIVE AND OTHER DEFENSES

Lone Star asserts the following affirmative and other defenses, but does not assume the burden of proof on any defense except as required by law:

1.   Plaintiff's Original Petition fails to state facts that support a claim upon which relief can be granted.

2.   Lone Star had legitimate, non-discriminatory and non-retaliatory reasons for all of its employment decisions regarding Plaintiff. Plaintiff was not unlawfully discriminated or retaliated against. Plaintiff's alleged protected class or activity, if any, was not a motivating

1

factor in any of Lone Star's employment decisions. Lone Star would have taken the same actions at the same times in the absence of any alleged impermissible factor.

3.      Any employment decision regarding Plaintiff was made with a good faith effort to comply with civil rights laws. Moreover, the conduct complained of by Plaintiff, if actually performed, was performed in good faith based upon reasonable grounds for believing that such conduct was not in violation of any Texas or Federal law.

4.      Plaintiff was not subjected to any materially adverse employment action because of any alleged protected class or activity.

5.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches and/or waiver.

6.      Plaintiff's claims are barred, in whole or in part, by limitations.

7.      Some or all of Plaintiff's claims are barred, in whole or in part, by her failure to exhaust administrative remedies.

8.      Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of or are inconsistent with the charges of discrimination and retaliation she filed with the Equal Employment Opportunity Commission and/or Texas Workforce Commission.

9.      Plaintiff's claims for punitive damages are barred by statute.

10.     If improper, illegal, or discriminatory acts were taken by Lone Star employees against Plaintiff, it was outside the course and scope of their employment, contrary to Lone Star policies, and was not ratified, confirmed, or approved by Lone Star. Such actions therefore cannot be attributed or imputed to Lone Star.

11.     Plaintiff's alleged damages, the entitlement to which is expressly denied, are subject to a statutory cap.

12.     Lone Star is entitled to recover attorneys' fees (including any expert fees).

13.     Lone Star specifically reserves the right to assert additional defenses, affirmative defenses, claims, counterclaims, cross-claims, causes of action, and/or third-party claims that may be appropriate or become appropriate based upon investigation or discovery that may occur during the course of litigation.

WHEREFORE, Defendant Lone Star respectfully requests that this Court dismiss Plaintiff's Original Petition with prejudice, award it the costs and attorneys' fees incurred in this action, and award it any such other relief that this Court deems just and proper.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH
SMOAK & STEWART, P.C.**

_/s/ Stephen J. Quezada_
Stephen J. Quezada
Texas SBN: 24076195
One Allen Center
500 Dallas St., Ste. 3000
Houston, Texas 77002
713-655-0855 (Phone)
713-655-0020 (Fax)
stephen.quezada@ogletreedeakins.com

**ATTORNEY FOR DEFENDANT**

3

## CERTIFICATE OF SERVICE

I certify that on September 8, 2016, I served a copy of the foregoing paper on the parties listed below pursuant to the Texas Rules of Civil Procedure:

Peter Costea
Texas SBN: 04855900
Three Riverway, Suite 1800
Houston, Texas 77056
713-337-4304 (Phone)
713-659-5302 (Fax)
**ATTORNEY FOR PLAINTIFF**
**RYANNE MCNEESE**

_/s/ Stephen J. Quezada_
Stephen J. Quezada

25878225.1

4